

FILED

JUL 10 2026

CLERK, U.S. DISTRICT COURT
TEXAS EASTERN

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS**

| | |
|---|---|
| UDOKA OBIE AMAH, | ) |
| Plaintiff, | ) |
| v. | ) |
| EMERGENT LABS INC., a Delaware corporation d/b/a EMERGENT AI LABS, and | ) |
| | ) |
| MUKUND JHA, individually, | ) |
| Defendants. | ) |

Civil Action No. _____

**PLAINTIFF'S ORIGINAL COMPLAINT AND DEMAND FOR JURY TRIAL**

Plaintiff Udoka Obie Amah ("Plaintiff" or "Mr. Amah"), appearing pro se, files this Original Complaint against Defendants Emergent Labs Inc. ("Emergent") and Mukund Jha ("Jha") (collectively, "Defendants"), and in support states as follows:

**I. NATURE OF THE ACTION**

1.      This is an action for false endorsement and false association under Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a)(1)(A), and for misappropriation of name and likeness under Texas common law, arising from Defendants' unauthorized commercial exploitation of Plaintiff's name, image, likeness, voice, and professional identity to market and sell Defendants' artificial-intelligence software development platform.

2.      Plaintiff is a dual-licensed attorney admitted in New York and Texas, a former senior ethics and compliance counsel and leader of a major international energy operator, and the principal of a boutique law practice. Plaintiff's professional identity, credibility, and reputation have substantial commercial value, including endorsement value.

3.      Plaintiff voluntarily attended a Zoom meeting convened by Defendants for a limited discussion about Plaintiff's experience using Defendants' platform. Plaintiff never signed any release, license, or other authorization permitting Defendants to record, reproduce, distribute, publish, or commercially exploit Plaintiff's image, likeness, or voice. Nor did Plaintiff consent, expressly or impliedly, to any such use. To the contrary, when Defendants later sought permission to use Plaintiff's likeness in promotional materials, Plaintiff withheld consent.

4.      Despite the absence of any release or permission, Defendants captured Plaintiff's image, likeness, voice, and statements from the meeting and used them as marketing and promotional content to sell their product. Defendants did so knowingly, for commercial advantage, and without compensation to Plaintiff.

5.      When Plaintiff discovered the unauthorized use and demanded that Defendants cease and desist, Defendants initially acknowledged the misconduct and stated that corrective action would be taken. Thereafter, Defendants failed to provide full disclosures concerning the scope of

Page 1

dissemination and continued to withhold the information necessary to assess the full extent of their unauthorized commercial exploitation.

## II. PARTIES

6.       Plaintiff Udoka Obie Amah is an individual residing in Frisco, Collin County, Texas, within this District and Division.

7.       Defendant Emergent Labs Inc. is a corporation organized under the laws of Delaware. Upon information and belief, Emergent Labs Inc. does business under the name "Emergent AI Labs." The name "Emergent AI Labs" is not pleaded as a separate legal entity but as a trade name, assumed name, or d/b/a of Emergent Labs Inc. Emergent Labs Inc. may be served through its registered agent, A Registered Agent, Inc., at 8 The Green, Ste. A, Dover, Delaware 19901, or through any other agent authorized by law.

8.       Defendant Mukund Jha is, on information and belief, an individual who resides in or near San Francisco, California, and is the Founder and Chief Executive Officer of Emergent Labs Inc. Jha published, on his personal LinkedIn account, content incorporating Plaintiff's name, image, likeness, and/or voice without Plaintiff's authorization, and is therefore individually liable for the conduct alleged herein. Jha may be served at his place of business, 505 Montgomery Street, 10th and 11th Floor, San Francisco, CA 94111, or at such other location as may be necessary to effect personal service consistent with Fed. R. Civ. P. 4(e).

## III. JURISDICTION AND VENUE

9.       This Court has subject-matter jurisdiction over Plaintiff's Lanham Act claims under 28 U.S.C. §§ 1331 and 1338(a), and 15 U.S.C. § 1121(a).

10.      This Court has supplemental jurisdiction over Plaintiff's Texas-law claims under 28 U.S.C. § 1367(a), because those claims arise from the same nucleus of operative fact as the federal claims. In the alternative, this Court has diversity jurisdiction under 28 U.S.C. § 1332(a), because Plaintiff is a citizen of Texas, Defendants are citizens of states other than Texas, and the amount in controversy exceeds $75,000, exclusive of interest and costs.

11.      This Court has specific personal jurisdiction over Defendants because Defendants purposefully directed their conduct at Texas: they solicited Plaintiff, whom they knew to be a Texas resident and Texas-based user of their platform, to participate in a recorded interview; they transacted with Plaintiff in Texas in connection with his use of their platform; and they committed intentional torts expressly aimed at Texas, knowing that the brunt of the injury to Plaintiff's identity, reputation, and commercial interests would be felt in Texas, where Plaintiff resides and practices. See Calder v. Jones, 465 U.S. 783 (1984).

12.      Venue is proper in this District under 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claims occurred in this District, including Defendants' solicitation of Plaintiff in this District and the injury Plaintiff suffered in this District, where he resides and where his professional identity has principal commercial value.

## IV. FACTUAL ALLEGATIONS

### A. Plaintiff and the Commercial Value of His Identity

13.      Plaintiff is an attorney admitted to practice in New York and Texas. He is the principal of

Page 2

UOA Legal, a boutique law practice with offices in Frisco, Texas, concentrating in immigration law, federal litigation, and compliance advisory services.

14.    Prior to entering private practice, Plaintiff served in senior ethics and compliance counsel leadership roles in the international energy sector, including leading his employer's compliance with a Deferred Prosecution Agreement (DPA)that his employer had entered into with the United States Department of Justice following a Foreign Corrupt Practices Act (FCPA) violation, ensuring the company's material compliance with the agreement's requirements throughout its three-year term.

15.    Plaintiff maintains a public professional identity as a licensed attorney, including a professional website, social media presence, and public engagement addressing legal, immigration, and compliance topics. Plaintiff's name, image, likeness, and voice are associated with his professional judgment and credibility as a dual-qualified attorney licensed in New York and Texas, and have commercial value as reflected in the fees Plaintiff commands for legal services rendered under that professional identity.

**B. Defendants Solicit Plaintiff and Exceed the Scope of Any Consent**

16.    Emergent operates an artificial-intelligence software development platform through which customers generate software applications from natural-language instructions. Emergent markets its platform through digital channels, including social-media accounts operated by the company and by its executives, including Jha.

17.    Plaintiff was, at all relevant times, a paying subscriber and lawful user of Emergent's platform.

18.    On or about October 2025, Emergent, acting through its authorized representative, invited Plaintiff to participate in a customer user experience conference for the limited purpose of discussing Plaintiff's experience using the platform. Plaintiff agreed only to participate in that discussion.

19.    At the outset of the video conference, Plaintiff was informed that the meeting would be recorded. Plaintiff immediately inquired as to the purpose of the recording. In response, Emergent's representative expressly represented that the recording would not be publicly used or published without first obtaining Plaintiff's consent. Relying on that representation, Plaintiff continued participating in the discussion.

20.    Following the meeting, Defendants requested Plaintiff's authorization by email to use the recording, or portions thereof, for public or promotional purposes. Plaintiff declined to grant such authorization and withheld his consent.

21.    Plaintiff never executed any written release, license, assignment, or other agreement authorizing Defendants to use his name, image, likeness, voice, identity, or statements for advertising, marketing, promotional, commercial, or other public purposes. Plaintiff likewise never provided oral authorization for such use and received no compensation or other consideration in exchange for any such rights.

22.    Any consent Plaintiff provided was expressly limited to participating in a private user-experience discussion. At no time did Plaintiff authorize Defendants to commercially exploit, publish, advertise, distribute, promote, or otherwise publicly use his name, image, likeness, voice, or the recording of the interview.

23.    The video recording of the meeting remains in Defendants' possession, custody, or

Page 3

control and accurately memorializes the parties' discussion regarding the recording and the express representation that Plaintiff's image, voice, and likeness would not be publicly used without Plaintiff's consent.

## C. Defendants' Unauthorized Commercial Use

24.    Beginning on or about October 2025, Defendants published and disseminated content incorporating Plaintiff's name, image, likeness, voice, and professional identity as promotional and testimonial material for the Emergent platform, including without limitation on the LinkedIn account of Mukund Jha, and through other digital marketing channels.

25.    The promotional content incorporated excerpts from the recorded video conference described above, including Plaintiff's statements regarding his legal practice and the digital product he developed using Defendants' platform. Those excerpts were taken from the very recording that Defendants had expressly represented would not be publicly used without first obtaining Plaintiff's consent.

26.    The promotional content also included narrated commentary by Defendants describing Plaintiff in his professional capacity and representing that Plaintiff used Defendants' platform to develop his product in a cost-efficient manner. The overall presentation portrayed Plaintiff as endorsing and promoting Defendants' platform and services, notwithstanding Plaintiff's refusal to authorize any such public or commercial use.

27.    Defendants' use of Plaintiff's name, image, likeness, voice, and professional identity was commercial in nature and formed part of Defendants' advertising and promotional campaign to market and sell their platform. Plaintiff personally observed the advertisement on LinkedIn on or about November 2025. Defendants subsequently confirmed in written communications that they had disseminated the promotional content featuring Plaintiff across additional marketing channels, including Google Ads, TikTok, Reddit, LinkedIn, and other digital advertising platforms. At no time did Plaintiff authorize Defendants to use his name, image, likeness, or voice for any advertising, promotional, or commercial purpose.

28.    Upon information and belief, Defendants intentionally disseminated the promotional content to a substantial audience for the purpose of promoting their platform, increasing user adoption, and generating commercial revenue. During the period in which the promotional content was disseminated, Defendants publicly reported substantial commercial growth, including approximately $100 million in venture financing, approximately $50 million in annual recurring revenue, and more than five million users. Defendants' unauthorized use of Plaintiff's identity formed part of their broader commercial marketing efforts and falsely conveyed to consumers that Plaintiff endorsed, sponsored, approved of, or was otherwise affiliated with Defendants' platform and services.

## D. Plaintiff Objects; Defendants Acknowledge the Unauthorized Use but Fail to Resolve the Matter

29.    On or about November 2025, Plaintiff first became aware that Defendants had used his name, image, likeness, and voice in promotional advertising without his authorization after the advertisement was brought to his attention. Plaintiff promptly notified Defendants in writing that he had never authorized such commercial use and demanded that the unauthorized use cease.

30.    On or about November 2025, an authorized representative of Defendants responded in writing, acknowledged Plaintiff's complaint, apologized for the unauthorized use, and

Page 4

represented that corrective action would be taken. Defendants also confirmed that Plaintiff's name, image, likeness, and voice had been used in promotional campaigns disseminated through multiple advertising channels, including LinkedIn, Google Ads, TikTok, Reddit, and other digital marketing platforms.

31.    On or about November 2025, Plaintiff transmitted a formal written demand to Defendants describing the unauthorized commercial use of his identity, demanding that Defendants cease further use, preserve all relevant evidence, identify the full scope of dissemination, and compensate Plaintiff for the unauthorized exploitation of his identity. Plaintiff established a response deadline of March 19, 2026.

32.    After Defendants failed to respond by the stated deadline, Plaintiff provided Defendants an additional forty-eight hours to respond before commencing litigation. Defendants failed to respond to either demand and have not provided Plaintiff any substantive response through the filing of this Complaint.

33.    Despite previously requesting Plaintiff's consent to use the recording for marketing purposes, never receiving such authorization, acknowledging Plaintiff's subsequent objection, and confirming that Plaintiff's identity had been used in multiple advertising campaigns, Defendants failed to resolve the matter or provide any legal basis for their continued commercial use of Plaintiff's name, image, likeness, and voice.

## V. CAUSES OF ACTION
### COUNT I
**False Endorsement and False Association — Lanham Act § 43(a)(1)(A)**
**15 U.S.C. § 1125(a)(1)(A)**
**Against All Defendants**

34.    Plaintiff incorporates paragraphs 1 through 33 as if fully set forth herein.

35.    Plaintiff's name, image, likeness, voice, and professional identity identify Plaintiff as a licensed attorney and compliance professional and are capable of indicating sponsorship, affiliation, or endorsement within the meaning of Section 43(a) of the Lanham Act.

36.    Defendants used Plaintiff's name, image, likeness, voice, and statements in commercial advertising and promotional materials for Emergent's goods and services, including video and digital advertisements distributed across multiple online platforms, in a manner that created the false impression that Plaintiff was affiliated with, endorsed, approved, or sponsored Defendants' platform.

37.    Plaintiff did not authorize Defendants to use his identity for advertising or promotional purposes. The use of Plaintiff's identity in Defendants' commercial materials was likely to, and did, mislead consumers into believing Plaintiff endorsed or approved Defendants' platform and services.

38.    Defendants knew or were willfully blind to the absence of authorization, including that Plaintiff had not executed any release permitting commercial use of his identity and had expressly objected after learning of the use, yet continued dissemination of the promotional content and/or failed to remove it.

39.    As a direct and proximate result of Defendants' conduct, Plaintiff has suffered injury, including loss of control over the commercial use of his identity, harm to his professional

Page 5

reputation and goodwill, deprivation of the fair market value of a license for the commercial use of his name, image, likeness, and voice, and diminution in the commercial value of his identity. Plaintiff is entitled to recover his actual damages, including the cost of corrective measures; Defendants' profits attributable to the unlawful use; and the costs of this action under 15 U.S.C. § 1117(a), together with attorney's fees under 15 U.S.C. § 1117(a) in this exceptional case; and Plaintiff is entitled to injunctive relief under 15 U.S.C. § 1116.

## COUNT II
**Misappropriation of Name and Likeness**
**Texas Common Law**
**Against All Defendants**

40.     Plaintiff incorporates paragraphs 1 through 39 as if fully set forth herein.

41.     Texas common law recognizes a cause of action for misappropriation of name or likeness, which protects an individual's exclusive right to control the commercial use of his identity. See Kimbrough v. Coca-Cola/USA, 521 S.W.2d 719 (Tex. Civ. App.—Eastland 1975, writ ref'd n.r.e.); Matthews v. Wozencraft, 15 F.3d 432 (5th Cir. 1994).

42.     Defendants used Plaintiff's name, image, likeness, voice, and identity for commercial and promotional purposes, including advertising and marketing Emergent's platform, rather than for any incidental, newsworthy, or protected expressive purpose.

43.     Plaintiff is identifiable from the use, and Defendants derived commercial benefit from the use, including promotional value, customer acquisition, revenue generation, and enhancement of enterprise value.

44.     Plaintiff did not consent to the commercial use of his identity. Any limited participation in a user interview did not include authorization for advertising, marketing, or promotional use, and Defendants exceeded any scope of consent by using Plaintiff's identity in commercial advertising.

45.     As a direct and proximate result, Plaintiff suffered damages, including the fair market value of the unauthorized use and injury to the commercial value of his identity. Defendants' conduct supports an award of exemplary damages under Chapter 41 of the Texas Civil Practice and Remedies Code, to the extent such damages are available.

## COUNT III
**Unjust Enrichment**
**Texas Common Law**
**Against All Defendants**

46.     Plaintiff incorporates paragraphs 1 through 45 as if fully set forth herein.

47.     Defendants obtained a benefit through the unauthorized commercial use of Plaintiff's name, image, likeness, voice, and identity, including advertising value and commercial advantage, without compensation to Plaintiff.

48.     Retention of such benefits would be inequitable and unjust.

49.     Plaintiff is entitled to restitution and disgorgement of all benefits derived from the unauthorized use, in an amount to be determined at trial. This claim is pleaded in the alternative.

## VI. JURY DEMAND

Page 6

50.    Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiff demands a trial by jury on all issues so triable.

## VII. PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that the Court enter judgment in his favor and against Defendants, jointly and severally, and award the following relief:

a.    Preliminary and permanent injunctive relief under 15 U.S.C. § 1116 and the Court's equitable powers, enjoining Defendants and all persons acting in concert with them from using Plaintiff's name, image, likeness, voice, statements, or identity in any advertising, promotional, testimonial, commercial, or other public materials without Plaintiff's prior written consent;

b.    An order requiring removal, deletion, recall, and takedown of all unauthorized content using Plaintiff's identity from all platforms, accounts, webpages, advertisements, and repositories within Defendants' possession, custody, or control, together with a written certification of compliance;

c.    An accounting and disclosure of all uses of Plaintiff's identity, including all dissemination channels, impressions, reach, clicks, conversions, engagement metrics, ad spend, revenues, profits, customer-acquisition data, and internal attribution documents necessary to calculate damages and profits;

d.    Actual damages in an amount to be proven at trial, including but not limited to the fair market value of a license to use Plaintiff's name, image, likeness, voice, and endorsements; loss of control over Plaintiff's identity; injury to Plaintiff's professional reputation and goodwill; and reasonable corrective and mitigation costs;

e.    Defendants' profits attributable to the unlawful conduct, pursuant to 15 U.S.C. § 1117(a), together with any other monetary relief available under principles of equity;

f.    Enhanced damages or other increased monetary relief to the extent permitted by law, including any trebling or multiplication authorized under 15 U.S.C. § 1117 and any other applicable authority;

g.    Attorney's fees and costs of court under 15 U.S.C. § 1117(a) as an exceptional case, and any other applicable fee-shifting authority;

h.    Prejudgment and postjudgment interest at the maximum lawful rate;

i.    Exemplary damages under Texas Civil Practice and Remedies Code Chapter 41, to the extent Plaintiff proves the requisite mental state by clear and convincing evidence;

j.    Restitution and disgorgement under Texas common law and equity, in the alternative to federal monetary relief; and

k.    Such other and further relief, at law or in equity, to which Plaintiff may be justly entitled.

## Certification and Closing

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a non frivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

I agree to provide the Clerk's Office with any changes to my address where case–related papers may be served. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Dated: 07|10|26

Respectfully submitted,

Udoka Obie Amah
Plaintiff, Pro Se
6160 Warren Parkway, Suite 100
Frisco, Texas 75034
Tel: 347-291-4713
Email: udoka@uoalegal.com

Page 8